By the Court.
 

 The judgment of the Court of Appeals for Franklin county in the habeas corpus proceeding, which is cause No. 31903 in this court, is affirmed. There is nothing in the record to sustain a claim of illegal restraint under the sentence imposed on November 1, 1945, by the Court of Common Pleas of Cuyahoga County.
 

 The judgment of the Court of Appeals in the prohibition proceeding, which is cause No. 31902 in this court, is also affirmed.
 

 In the brief for Nagy it is stated: “The chief ques
 
 *518
 
 tion of fact involved * * * is whether or not the maximum term of sentence imposed upon the petitioner in New York state in 1930 on the charge of third degree burglary was completely run.” His counsel contends that “almost one year before March 1944 he had served out his entire sentence under the New York conviction, and therefore was not a parolee at all when the warrant for retaking was issued in April 1945. For that reason, New York state is not entitled to his custody. ’ ’
 

 There is a conflict in the evidence as to whether Nagy has served a maximum term under the New York sentence, considering his probation periods, violations of paroles, subsequent convictions and incarcerations.
 

 It appears from the record and not disputed that on February 10, 1943, the New York authorities released Nagy on parole to the state of Ohio under the Uniform Act for Out-of-State Parolee Supervision, which act is Section 108-1
 
 et seq.,
 
 General Code.
 

 Section 108-1, General Code, in part, provides:
 

 “ (3) That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto, as to such persons.
 
 The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state:
 
 provided, however, that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within
 
 *519
 
 the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense.” (Italics supplied.)
 

 This court is in accord with the majority of the judges of the Court of Appeals in this case “that the contention of the petitioner that he is not a parole violator is such as must be decided by the state of New York, and is not subject to review in Ohio”; that “Section 108-1
 
 et seq.
 
 clearly deprives the courts of this state of jurisdiction to inquire into the matters set forth in the warrant for retaking”; and that a writ should not issue to prohibit the warden from complying with or honoring the warrant for retaking.
 

 Judgments affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turnee and Taet, JJ., concur.