THE PEOPLE OF THE STATE OF NEW YORK ex rel. BARNEY KAUFMAN, Relator, against WILLIAM P. O'BRIEN, as Police Commissioner of the City of New York, Defendant.

Supreme Court, Special Term, Kings County, March 7, 1950.

*Roger W. Mullen, Jr.*, for relator.

*Miles F. McDonald, District Attorney* (*Frank Di Lalla* of counsel), for defendant.

WALSH, J. This is a proceeding in habeas corpus. The relator was apprehended in the State of New York and imprisoned upon a warrant of the Governor of the State of New York and requisition for extradition of the State of Ohio wherein it charges that the relator committed the crime of nonsupport of a minor child between October 20, 1949, and November 7, 1949. He was indicted for said felony under section 13008 of the General Code of Ohio (Page's Ohio General Code Annotated).

The relator seeks his discharge on the following grounds: 1. that he is unlawfully restrained in his liberty in that the papers accompanying the demand of the Governor of Ohio are not authenticated as required by law; 2, that it nowhere appears that the relator was personally within the limits of the State of Ohio at the time the said crime of nonsupport is alleged to have been committed; 3. that the Governor of the State of New York had no jurisdiction to issue his warrant in that it did not appear before him that relator was a fugitive from the State of Ohio, or had fled therefrom; 4. that it did not appear that there was any evidence before the Governor of Ohio at the time he issued his demand that the relator was personally or constructively within the limits of the State of Ohio when the crime is alleged to have been committed; 5. that it appears on the face of the indictment accompanying the requisition of the Governor of Ohio that no crime under the laws of the State of Ohio is charged or has been committed.

The affidavit of the prosecuting attorney requesting the issuance of a requisition states that the relator is a fugitive from justice having fled from the jurisdiction of the State of Ohio to avoid prosecution.

It is conceded for the purposes of this proceeding that the relator was not within the State of Ohio between October 20th and November 7, 1949.

This is a summary proceeding. We are not and cannot be concerned in this matter with the innocence or guilt of the relator. Nor can the court inquire into the question of sufficiency of the indictment, nor the merits of the defense to the indictment, nor the motives and purposes of the extradition proceedings.

While the question of identity would be one for this court, it is not an issue in this matter, and so is disregarded.

The relator's first contention that the papers are not authenticated as required by law is without merit. Section 830 of the Code of Criminal Procedure requires that a copy of the indictment must be authenticated by the executive authority making the demand, and this so appears. In absence of contrary showing, the court will assume on habeas corpus regularity of official acts of demanding Governor and all other public officials and impute verity to their official statements (*People ex rel. Higley* v. *Millspaus*, 257 App. Div. 40, revd. on other grounds 281 N. Y. 441).

There is no doubt that the crime charged is an indictable offense under the laws of the State of Ohio. Section 13008 of the General Code of State of Ohio makes it a felony for one who fails, neglects or refuses to provide for his child under the age of eighteen.

The petitioner contends, however, as a major jurisdictional defense, that he was not physically or constructively in the State of Ohio at the time of the commission of the alleged crime, that he was not a fugitive from justice, that he never fled the jurisdiction of the demanding State, and that in consequence the warrant of the Governor of the State of New York for his extradition is null and void.

It is no longer essential in the enforcement of extradition proceedings that the relator be personally within the limits of the demanding State at the time of the commission of the crime with which he is here charged. Nor is it necessary, therefore, that the petitioner be a fugitive from the State or that he fled from it to avoid prosecution.

Section 834 of the Code of Criminal Procedure of the State of New York, under which the legality of this proceeding must be tested, specifically grants to the Governor the power to surrender any person to a demanding State *even though the accused was not in the demanding State at the time* of the commission of the crime, and has not fled therefrom.

The mere fact that the prosecuting attorney in his affidavit requesting extradition alleges that the relator is a fugitive from justice can be treated as mere surplusage, since the basic demand for extradition is the commission of a felony crime, evidenced by an indictment presumptively duly authenticated by the proper officials of the demanding State. Relator makes much of the words '' then and there '' in the indictment. There is nothing inconsistent between those words and the admitted fact that he was in New York when he neglected to support his child.

The defendant, relying on the papers before the Governor of the State of New York, has made out a prima facie case for extradition, which is all that is required. The requirement of the relator (who also relies on the same papers before the Governor, and made part of his case by reference) to overcome that prima facie case has not been met.

The papers before this court are properly supported by jurisdictional facts necessary for the extradition of relator and, therefore, the proceeding of the relator, in habeas corpus, must fail.

The authorities relied on by the relator did not construe section 834 of the Code of Criminal Procedure (*People ex rel. Faulds* v. *Herberich,* 276 App. Div. 852). The petition is dismissed.