Jacob J. Schwartzwald, J.
The Governor of this State having issued his rendition warrant to remove the relator, Paul Tumminia, to Puerto Rico as a fugitive from justice and the relator having sought out a writ of habeas corpus to vacate the Governor’s warrant, a hearing was held before the court on the said writ of habeas corpus, at which time the District Attorney made proof as to the pertinent facts, to wit: (1) tha.t a crime was committed under the laws of Puerto Rico; (2) that the relator was in the demanding State at the time of the commission of the crime and (3) that he was the person named in the information and the warrant; and the relator having been heard in opposition thereto, and upon due deliberation, the writ of habeas corpus is dismissed and the prisoner is remanded. *756 Upon this proceeding the court could only inquire into the questions of whether there was sufficient charge of a crime, whether the relator was the person named in the information and warrant, and whether the said relator was in the demanding State at the time of the commission of the crime. It was not the function of the court to inquire into the guilt or innocence of the accused. The extradition warrant issued by the Governor of the asylum State is presumptive evidence of the fact that the act complained of is a violation of the laws of the demanding State. (People ex rel. Albert v. Commissioner of Correction of New York City, 111 N. Y. S. 2d 307.) In the absence of a contrary showing, the court will assume on habeas corpus regularity of the official acts of the demanding Governor and all other public officials and impute verity to their official statements in the extradition papers. (People ex rel. Kaufman v. O’Brien, 197 Misc. 1019.) Though the warrant of a Governor demanding extradition of an alleged fugitive is presumptive evidence, in a habeas corpus proceeding, there is no reason why it should be conclusive. (People ex rel. Pahl v. Pollack, 174 Misc. 981.) However, in the hearing before this court the presumption was not rebutted. The evidence in a habeas corpus proceeding to avoid interstate rendition should be construed liberally in favor of the demanding State. (People ex rel. Hauptmann v. Hanley, 153 Misc. 61.)
In the case at bar the petitioner or relator, the father of the child, entered into a separation agreement with the mother wherein custody was given to the said mother with the rights of visitation by the father. The agreement provided that the party of the second part, to wit, the wife, was not to move the infant issue of the marriage outside of the territorial confines of the Borough of Brooklyn without the consent of the party of the first part, to wit, the father, except for a period of two weeks in the summer season of the year, and when this occurred the party of the first part should receive written notification of the address where the said infant issue of the marriage was spending the vacation. The mother, without the consent of the petitioner or relator, the father, took the child to Puerto Rico in violation of the said agreement. Thereafter the father went to Puerto Rico and brought the child back to his home in Brooklyn. On these facts the court feels that the criminality on the part of the father is questionable. However, giving full faith and credence to the information of the authorities in Puerto Rico and the Governor’s warrant, as is provided for in the Uniform Criminal Extradition Act, the court is limited in its inquiry as above set forth.
*757 The question raised by the relator as to the authenticity of the papers before the court and before the Governor, upon which the said Governor’s warrant was issued, was previously raised and decided in the case of People ex rel. Pizzino v. Moran (137 Misc. 905, 907) wherein the court cited the case of People ex rel. Gellis v. Sheriff (251 N. Y. 33, 37): “ The extradition papers do not include a copy of an indictment. Instead there are affidavits * * * which the relator contends do not sufficiently show the commission by the prisoner of the crime with which he is charged. 1 If by any standard of criminal justice that can rationally be supposed to prevail in the demanding jurisdiction the facts set forth state the substance of a charge of crime, the relator must be surrendered. ’ ’ ’
Therefore the writ is dismissed, the prisoner remanded and the said relator shall be surrendered to the officer of the demanding State.
Settle order on three days’ notice.