STATE v. DAVID L. CODDINGTON.

145 N. W. (2d) 866.

October 28, 1966—No. 40,532.

*C. Paul Jones,* Public Defender, and *Murray L. Galinson,* Assistant Public Defender, for appellant.

*Robert W. Mattson,* Attorney General, and *William B. Randall,* County Attorney, for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order of the district court discharging a writ of habeas corpus previously issued upon appellant's application.

Extradition proceedings were instituted by the State of Illinois seeking to have appellant returned to that state to answer to the crime of theft of an automobile. A rendition warrant was issued by the governor of the State of Minnesota for the delivery of appellant to the State of Illinois. Thereafter a writ of habeas corpus was obtained by appellant and came on for hearing in the District Court of Ramsey County on August 12, 1966.

Appellant admits that he was in the State of Illinois at the time of the alleged commission of the crime and that he is the person whose delivery is sought by the State of Illinois. The only ground for the writ of habeas corpus asserted by appellant is that he did not commit the crime and that the extradition warrant was not proper in that it alleges that he stole a 1951 Plymouth, when in fact the car in his possession was a 1949 Plymouth.

The question of the fugitive's guilt or innocence cannot be tried by this state in a habeas corpus proceeding to prevent extradition. State ex rel. Fowler v. Langum, 126 Minn. 38, 147 N. W. 708. That is left to the demanding state when the fugitive is returned.

The slight discrepancy of alleging that a 1951 Plymouth was stolen

when in fact a 1949 Plymouth was involved would not be sufficient to invalidate the extradition proceeding. There is no merit to this appeal. The decision of the district court is affirmed and appellant is remanded to the sheriff of Ramsey County for delivery to the State of Illinois in accordance with the rendition warrant of the governor of Minnesota.

Affirmed.