Peter T. Farrell, J.
The only issue raised during the hearing on this writ is whether petitioner, a parolee who was declared delinquent as of December 28,1967, is entitled to be set at liberty, on bail. Although the judgment under which he was originally imprisoned remains final and continues in full force and effect, petitioner contends that he is entitled to a release from imprisonment upon an undertaking for his appearance to respond to charges that he has violated the terms and conditions of his parole. I hold to the contrary and render judgment accordingly, dismissing the writ and remanding petitioner to the custody whence he was taken in obedience thereto.
*333 The undisputed facts are that (1) in 1963 petitioner was sentenced to imprisonment for an indeterminate term of 2% to 5 years, upon his conviction of attempted robbery, third degree; (2) on April 28, 1966 he was paroled from Green Haven Prison; (3) on December 28, 1967 he was arrested for other crimes allegedly committed while on parole; (4) on December 29, 1967 (a) petitioner was admitted to bail after arraignment on those charges, but (b) a parole violation warrant was issued and lodged, with the result that petitioner’s release on such bail was thwarted; (5) on February 7,1968 the Board of Parole declared petitioner delinquent as of December 28, 1967.
By specific provisions of applicable law, petitioner “ remain[ed] while thus on parole in the legal custody of the warden of the prison from which he [was] paroled, until the expiration of the maximum term specified in his sentence. ” *In effect, his “bond” is his undertaking “that, if * * * released, he will live and remain at liberty without violating the law ” and that his conduct in general will not be “ incompatible with the welfare of society” (Correction Law, § 213). Respondent Board of Parole was required to declare the prisoner to be delinquent upon reasonable cause for belief that he had violated his parole (§ 218). Its designated personnel were empowered to ‘ ‘ issue a warrant for the retaking of such prisoner and for his temporary detention or return to a designated prison” (§ 216; italics supplied). Upon petitioner’s return thereto, the respondent Board of Parole is required to “hold a parole court at such prison * * * and consider the case of such parole violator, who shall be given an opportunity to appear * * * and explain the charges made against him. ” And in acting on the charges the board “ may, if it sees fit, require such prisoner to serve out * * * the balance of the maximum term for which he was originally sentenced * * * or such part thereof as it may determine ’ ’ (§ 218). Moreover, in the event of petitioner’s conviction of one or more of the crimes allegedly committed while on parole, he may ‘ ‘ be compelled to serve * * * the portion remaiming of the maximum term of the sentence on which he was released on parole ” before beginning to serve any sentence (to an institution under the jurisdiction of the Commissioner of Correction) imposed on his later conviction (Correction Law, *334 § 219). * In its entirety, the statutory parole system is bottomed on a valid, existing judgment of conviction, the execution of which is partly effected outside of the prison walls, through the performance of what is deemed to be a judicial function (§ 212).
So long as the judgment of conviction remains in force and effect, the only open question is whether a parolee will risk an exchange of constructive imprisonment for a renewal of actual custody of his person, inside the walls. He has a right to make a choice between different courses of conduct leading in either direction, but he has no right to liberty on bail when he is detained by reason of the lawful action of the Board of Parole pending an ultimate determination of a charge that he has violated parole. Because, for one thing, the Legislature has not granted the courts the authority to accept and direct a release on bail in such cases (Code Crim. Pro., §§ 555, 556) and we are, therefore, restricted accordingly (People v. Wirtschafter, 305 N. Y. 515, 519, 521). And, the established procedures of the parole system contemplate detention, ultimate appearance before the parole court, action on the charge of parole violation within a reasonable time and a determination on the merits, not equated with guilt of the crimes allegedly committed while on parole. This results, of course, in a curtailment of liberty but not in a violation of constitutional right thereto.
For the person who has been convicted of and imprisoned for a crime (frequently involving violation of the constitutional rights of the victim) has no constitutional right to the conditional liberty afforded by parole. “ So long as the Board violates no positive statutory requirement, its discretion is absolute and beyond review in the courts” (Matter of Hines v. State Board of Parole, 293 N. Y. 254, 257). Along with the benefits *335 of this “ extension of grace ” (People ex rel. Kenny v. Jackson, 4 N Y 2d 229, 232) are a number of conditions, imposed by statute, intended to maintain the board’s ability to regain physical custody of the parolee when informed that he has violated parole.
Thus, he is susceptible to being retaken and temporarily detained upon a warrant issued for an alleged parole violation; service of his sentence is interrupted by a delinquency declaration, and the interruption continues until his return to an institution under the jurisdiction of the Commissioner of Correction (Correction Law, § 218; Penal Law, § 70.40, subd. 3, par. [a]).* In that event, he may or may not get credit for time in custody during the period between the declaration of delinquency and his return to the institution from which paroled. Within the factual framework of the instant case (in custody through arrest on another charge and denied admission to bail on that charge because of the parole violation warrant lodged against him) ** he will get the credit if the other charge culminates in a dismissal or acquittal (Penal Law, § 70.40, subd. 3, par. [c]), *** but not otherwise (compare Correction Law, § 218, as read in the light of the pertinent provisions of former Penal Law, to which it refers). In other words, petitioner will, in that event, be deemed to have spent the period of his detention on the parole warrant, in serving out part of the unexpired balance remaining on his original sentence.
The justice of the statutory scheme is self-evident. If he is exonerated on the charges which brought about his arrest he will have been detained unjustly on those charges, and he is compensated for the injustice by giving him the time-credit on the original sentence. But, by the same token, he is deemed to have been in custody, meanwhile, in execution of the judgment originally rendered. And, assuming the validity and finality of that judgment, he has no constitutional right to release from that custody, on bail.

 See, also, Penal Law, § 70.40 (subd. 1, par. [a]); “ such person shall continue service of his sentence 6 6 * while on parole, in accordance with and subject to the provisions of the correction law.”

 The revised Penal Law — including its sentence and parole provisions (art. 70, §§ 70.00 to 70.40) became effective September 1, 1967 (§ 500.10). Although article 7-A of the Correction Law was repealed (L. 1967, eh. 324, § 6), the new'article 24 (added by L. 1967, eh. 680, § 147) applies only where sentence has been imposed pursuant to the provisions of the revised Penal Law, and matters not expressly covered by the content of either the revised Penal Law or article 24 are “ governed by such other provisions of law as may be applicable ” (Correction Law, § 800). The new article 25 (added, L. 1967, eh. 324) applies only where a definite sentence is imposed after September 1, 1967 “irrespective of whether the offense * * * was committed before such date” (§ 825, subd. 1, par. [a]) and where an alternative local reformatory sentence is imposed under section 75.20 of the Penal Law for an offense committed on or after September 1, 1967 (§ 825, subd. 1, par. [b]).

 Service of an escapee’s sentence is likewise interrupted until his return to the institution in which the sentence was being served. (Penal Law, § 70.30, subd. 6).

 Here, petitioner was granted hail but was not set at liberty because of the warrant. The distinction is much too neat to make a real difference.

 The escapee who is arrested on another charge is put in the same position (Penal Law, § 70.30, subd. 6, last sentence).