■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ULYSSES CRAWFORD, Respondent, v. STATE OF NEW YORK, DEPARTMENT OF CORRECTIONAL SERVICES, NEW YORK STATE PAROLE BOARD, et al., Appellants.— Appeal by respondents in two successive habeas corpus proceedings from the two respective judgments

therein of the Supreme Court, Queens County, the first dated July 28, 1971 and the second dated August 25, 1971. The judgment dated July 28, 1971 dismissed the first writ; and the judgment dated August 25, 1971 denied the second writ unless a parole violation hearing would be held within 20 days after the date of that judgment. Despite the language of these two judgments, the decision of the Criminal Term upon which the July judgment was based stated that the first writ was dismissed without prejudice to a renewal if a parole hearing on certain charges dated July 16, 1971 were not held within 20 days after the date of the decision (July 28, 1971). Such hearing was not conducted and the decision of Criminal Term upon which the August judgment was based stated that the second habeas corpus proceeding is granted, effective August 27, 1971 at 4:00 P.M. Judgment dated July 28, 1971, affirmed, without costs. Judgment dated August 25, 1971 reversed, on the law and the facts, without costs, and writ dismissed on the merits. Relator was convicted in the State of Georgia for the crime of robbery and was sentenced therefor on June 12, 1962 to a term of 15 to 20 years. He was paroled on July 1, 1968; and on March 14, 1969 he was permitted to come to New York under the interstate compact known as the Uniform Act for Out-of-State Parole Supervision (U. S. Code, tit. 4, § 112; Correction Law, former § 224 [applicability continued under L. 1970, ch. 476, § 44]). On April 20, 1971, while under the supervision of the New York State Department of Correctional Services, he was arrested pursuant to a parole violation warrant and was incarcerated therefor without bail (see *Matter of Hardy v. Warden*, 56 Misc 2d 332). He was charged with four violations, including a new arrest for various crimes committed in New York. On April 28, 1971 the Georgia Board of Pardons and Paroles was informed of his arrest. A warrant for his arrest, dated April 30, 1971, was received from the State of Georgia shortly thereafter, together with a letter advising the State of New York that the warrant was not to interfere with local prosecution. Early in July of 1971, while still incarcerated, relator obtained the writ in the first habeas corpus proceeding herein, returnable July 14, 1971, in support of which he maintained that the parole detainer was invalid because he had not received notice of the charges against him and a hearing pursuant to *People ex rel. Menechino* v. *Warden* (27 N Y 2d 376). The State of New York opposed the writ on two grounds: (1) that the Board of Parole had not designated specific houses of detention, under subdivision 7 of section 212 of the Correction Law, for the conduct of the parole violation hearing due to a shortage of resources and manpower; and (2) that the Board of Parole denies hearings to all parolees who are awaiting disposition of new criminal charges, since it does not wish to adjudicate such parolees' guilt or innocence on such new charges prior to trial, and the parolees can always move for a speedy trial on the new charges. The Criminal Term in its decision of July 28, 1971, held that the issue of notice was moot, since relator had received notice of the charges on July 16, 1971, but ruled that he was entitled, upon his request, to a hearing pursuant to *Menechino* (*supra*) (see, also, Correction Law, § 212, subd. 7). The Criminal Term's decision for dismissal of the petition stated that that disposition was without prejudice to renewal if relator were not afforded a hearing within 20 days. After 20 days had elapsed, relator obtained the writ in the second habeas corpus proceeding herein, returnable August 18, 1971, claiming he was entitled to be discharged from custody since no hearing had been held. The State opposed that writ, contending that the prior decision of July 28, 1971 was not controlling and that, in any event, it was in conflict with *People ex rel. Rankin* v. *Ruthazer* (304 N. Y. 302) and article (3) of the interstate compact (Correction Law,

§ 224, subd. 1, par. [3]), which provides in pertinent part: "The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state." The Criminal Term in its decision dated August 25, 1971, held that relator should be discharged from custody, distinguishing *Rankin* (*supra*) and the interstate compact on the ground that Georgia had taken no action and that New York, which had made the arrest and the charges, should have granted a hearing thereon. In our opinion, the Criminal Term was in error. Relator was sentenced and paroled by Georgia; and, although he was permitted to come to New York, he remained in the constructive custody of the Georgia Parole Board and accordingly was subject to being returned to Georgia for a failure to comply with the parole rules and regulations laid down by both Georgia and New York. Georgia has already issued a warrant and order for arrest against relator, requesting New York to return him to Georgia after disposition of the New York criminal charges. Under the circumstances, relator, an out-of-State parolee, may not have the question of his parole delinquency reviewed by a hearing in New York, but must challenge it in Georgia, the sending State (*People ex rel. Rankin* v. *Ruthazer*, 304 N. Y. 302, *supra; People ex rel. Marro* v. *Ruthazer*, 140 N. Y. S. 2d 571; *State ex rel. Nagy* v. *Alvis*, 152 Ohio St. 515; article [3] of the interstate compact [Correction Law, § 224, subd. 1]). We have examined appellants' other points and find them without merit. Martuscello, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.