STATE EX REL. JOHN J. DOHERTY v.
RICHARD DUGGAN.

218 N. W. 2d 759.

June 7, 1974—No. 44333.

*Emanuel Z. Kopstein,* for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Theodore R. Rix, Michael McGlennen,* and *Vernon E. Bergstrom,* Assistant County Attorneys, for respondent, Captain of Sheriffs, Hennepin County Jail.

Per Curiam.

This is an appeal from an order discharging a writ of habeas corpus in an extradition proceeding. In response to a demand by the governor of the State of Colorado the governor of Minnesota issued a rendition warrant for petitioner's surrender to. Colorado authorities for trial on a charge of escape from custody. Petitioner's application for a writ of habeas corpus followed. We affirm.

The facts are undisputed. On October 5, 1970, petitioner was convicted in the State of Colorado of possessing burglary tools and sentenced to a term not exceeding 2 years. On June 17, 1971, he left a Denver work-release program, conducted by Colorado correctional authorities, and went to Canada. Shortly thereafter he came to Minnesota. On May 28, 1972, he was arrested on a charge of being a fugitive from justice. Following his arraignment on June 2, 1972, petitioner was released on bail

pending completion of extradition proceedings by Colorado authorities. However, at the expiration of the maximum statutory period during which a fugitive can be held in jail or released on bail pursuant to a fugitive complaint under Minn. St. 629.17, Colorado authorities had not completed extradition proceedings or obtained a rendition warrant. As a result, the municipal court dismissed the fugitive complaint on September 15, 1972. Thereafter, on October 26, 1972, petitioner was arrested on a rendition warrant signed by the governor. He has remained free on bail pending final outcome of the habeas corpus proceeding.

Petitioner challenges extradition on a number of grounds. He alleges, first, that the municipal court's dismissal of the fugitive complaint operated as a complete bar to this or any subsequent extradition proceeding resulting from the escape charge; second, that he cannot be extradited on a charge of escape because he was not in custody at the time he left Colorado; and, third, that the present proceeding must be dismissed, even if he did escape from custody, because the governor's rendition warrant states that he is wanted for escaping from custody on June 15, 1971, although it is clear from the record that the escape actually occurred on June 17, 1971.

1. In State ex rel. Brown v. Hedman, 280 Minn. 69, 157 N. W. 2d 756 (1968), we held that dismissal of an original fugitive complaint does not bar further proceedings under a rendition warrant. That decision here governs.

2. Petitioner in effect attempts to have this court litigate his guilt or innocence by deciding the facts concerning his custody. That function is prohibited by Minn. St. 629.20.

3. We do not believe it is material that the rendition warrant misstates the date on which petitioner committed the act constituting the crime of escape from lawful custody. In State v. Coddington, 275 Minn. 237, 145 N. W. 2d 866 (1966), we held that a similar misstatement was insufficient to invalidate the proceeding.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.