Raymond E. Aldrich, Jr., J.
The relator Thomas O’Dell has been charged with being a fugitive from justice in that he committed three crimes in the State of Florida, fled therefrom, and has taken refuge in the State of New York. He contests his extradition by petition and writ of habeas corpus, and a hearing has been held to determine whether he should be surrendered to the Florida authorities.
The People offered into evidence a number of exhibits, namely, (1) the written demand for extradition executed by the Governor of the State of Florida alleging that the accused was present in that State at the time of the commission of the *272 alleged crimes, and that thereafter he fled from the State, which demand was accompanied by a copy of an information charging the three crimes, supported by an affidavit of the Acting State Attorney, Fourth Judicial Circuit of Florida, an affidavit of a detective in the Duval County Sheriffs office made before a Judge of the Circuit Court for Duval County, Florida, and a copy of the warrant of the Duval County Circuit Court (People’s Exhibit 1), which said documents have been authenticated by the Circuit Court Clerk and the Circuit Court Judge of Duval County (CPLR 4540, subds [a], [c]), as well as authenticated by the executive authority of the State of Florida, namely the Governor thereof (CPL 570.08; People ex rel. Gadson v Hoy, 285 App Div 974; People ex rel Levin v Warden of Women’s Prison, 188 Misc 307, affd 271 App Div 951; People ex rel. Jackson v Ruthazer, 196 Misc 34, 40; People ex rel Tumminia v Police Comr., 14 Misc 2d 755; People ex rel. Arnold v Hoy, 32 Misc 2d 824); (2) the warrant of arrest of the Governor of the State of New York (People’s Exhibit 2), and the certification by him that the requisition of the Governor of the State of Florida was being honored (People’s Exhibit 3).
These exhibits numbered 1, 2 and 3 are presumptive evidence that the crimes for which the relator is sought are crimes under the law of the State of Florida (People ex rel. Corkran v Hyatt, 172 NY 176, 191; People ex rel. Higley v Millspaw, 281 NY 441, 447), thereby shifting the burden to the relator to demonstrate he was not in the demanding State at the time of the alleged crimes.
Also received in evidence were fingerprint charts of the Dutchess County Sheriffs office when the defendant was fingerprinted on April 12, 1972 (People’s Exhibit 5) and on February 12, 1974 (People’s Exhibit 7) as well as a photo of the defendant taken on February 12, 1974 (People’s Exhibit 6).
This court reserved decision on the admissibility of People’s Exhibit 4, purporting to be an affidavit by J. L. Parmenter sworn to before a Circuit Judge for Duval County in which he attests that he took photographs of Thomas O’Dell, attaching the same, and avers that the attached copy of fingerprints are those of Thomas O’Dell on file in the Duval County Sheriffs office, which records have been authenticated as true and correct copies of the official records in the case of the State of Florida vs Thomas O’Dell, Case No. 73-3798, by the Clerk of the Circuit Court and the Judge of the Circuit Court for Duval *273 County. Significantly the case number in People’s Exhibit 1 and People’s Exhibit 4 are identical.
The provisions of CPLR 4540 provide that copies of an official record of the court of another State are prima facie evidence of such record when attested as correct by an officer having legal custody of such record. The certificate signed by the Clerk of the Duval County Circuit Court, with his seal affixed, and the certificate by the Circuit Court Judge that the Clerk is the proper custodian of the files and records of said court, and that the signature of the Clerk is his genuine signature and the seal attached thereto is the genuine and authentic seal of said court, meet the requirements of CPLR 4540, and accordingly People’s Exhibit 4 is admitted into evidence.
The witness Joseph C. Doell, a fingerprint expert, testified that the fingerprints in People’s Exhibit 4 and People’s Exhibit 7 are of the same person, namely, the relator, and thus this court is satisfied by clear and convincing proof that this relator is the same person whose return to Florida is demanded (People’s Exhibit 1). Furthermore, the relator has failed to meet his burden of proof by demonstrating by clear and conclusive evidence that he was not in the demanding State when the crimes were committed (People ex rel. Higley v Millspaw, supra; People ex rel. Harris v Warden, 42 AD2d 549; People ex rel. Farbe v Warden, 42 AD2d 874).
Accordingly, the petition is denied, the writ is dismissed, and the relator will surrender himself to this court on Tuesday, February 18, 1975, at 10:00 o’clock in the forenoon thereof, for his remand until his delivery to the custody of Sheriff Dale Carson and/or his authorized deputies for his return to the State of Florida to answer the charges for which he is being extradited.