OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the People for an order directing the defendant to furnish hair, pubic hair, saliva and blood samples in connection with charges of murder and rape committed in the State of Nevada.
*908 While this is not the first such application submitted in this State (see People v Longo, 74 Misc 2d 905), this is apparently the first time for such request where the crime was committed in another State.
Upon receipt of information from the appropriate Nevada authorities that the defendant had been charged in that State, he was arrested in this county (People ex rel. Arnold v Allen, 30 Misc 2d 1031). As a result, this court acquired jurisdiction over the person of the defendant (People ex rel. Rainone v Murphy, 1 NY2d 367; People v Pagan, 84 Misc 2d 565); it did not acquire jurisdiction over the crime (People v Hickey, 40 NY2d 761). It is upon this latter basis that the defendant resists this application.
Although no legal right has any force beyond the territorial limits of its State (Mertz v Mertz, 271 NY 466), one State will admit the operation of the laws of another State within its own jurisdiction via the principle of comity (Zeevi & Sons v Grindlays Bank, 37 NY2d 220; Louks v Standard Oil Co. of N. Y., 224 NY 99).
This principle is not limited to civil cases (People ex rel. Rainone v Murphy, supra). There the Court of Appeals stated (p 371): "in aid of the vindication of its respective laws, in the spirit of intergovernmental courtesy and co-operation, it is found expedient that there exist, between and among governments, a reciprocal comity and pact of mutual assistance”.
So, the absence of subject matter jurisdiction does not preclude this court from granting the People’s application for the requested relief in order to aid the criminal investigation in a sister State.
There is a second reason why this court possesses such authority.
Although the court in the asylum State may not inquire into the guilt or innocence of a defendant (CPL 570.46; People ex rel. Weiss v Menna, 25 AD2d 399), it can determine the presence of a defendant in the demanding State at the time of the commission of the crime (People ex rel. Higley v Millspaw, 281 NY 441). A fingerprint comparison is acceptable evidence of this fact in an extradition proceeding (People ex rel. Hall v Casscles, 51 AD2d 623, app dsmd 38 NY2d 1006; People ex rel. O’Dell v Quinlan, 81 Misc 2d 271), so a comparison of the substances involved here should likewise provide some such circumstantial evidence (see People v Davis, 41 NY2d 678).
*909 Since this court possesses the power to make such a determination, it should also possess the power to order such tests as legally permissible to assist in this determination.
The Constitution does not prohibit minor intrusions into an individual’s body (Schmerber v California, 384 US 757). The taking of samples of hair, pubic hair and saliva fall into this category (People v Longo, 74 Misc 2d 905, supra), as does the extraction of a sample of blood (People v Howard, 90 Misc 2d 662; People v Longo, supra).
The People have demonstrated probable cause to believe the defendant committed the crime charged (People v Vega, 51 AD2d 33; Matter of Alphonso C., 50 AD2d 97), and also that the requested samples are material to the investigation of this matter (People v Allah, 84 Misc 2d 500; People v Smith, 80 Misc 2d 210). Accordingly, they have sustained their burden.
Were the ordering of such tests to be a complex issue for the Nevada courts, and as such one that should not be ruled upon by this court (People ex rel. Mallin v Kuh, 50 AD2d 191), this would not alter the result. The tests involved constitute minor intrusions (Schmerber v California, supra) and do not involve a risk to the defendant (see People v Smith, supra).
There are no constitutional or legal impediments to the relief requested by the People. Accordingly, their application for an order that the defendant submit to the taking of samples of his hair, pubic hair, saliva and blood is granted.