STATE of Wisconsin EX REL. Phillip REDDIN, Petitioner-Appellant-Petitioner,

v.

Theodore MEEKMA, Dodge County sheriff, Respondent.

Supreme Court

*No. 80–316. Argued March 31, 1981.—Decided June 15, 1981.*

(Also reported in 306 N.W.2d 664.)

For the petitioner there were briefs (in this court) and oral argument by *Douglas W. Plier* of Horicon.

For the respondent the cause was argued by *Michael R. Klos*, assistant attorney general, with whom on the brief (in court of appeals) was *Bronson C. La Follette*, attorney general.

HEFFERNAN, J. Phillip Reddin was convicted of robbery in Christian County, Kentucky, on March 20, 1969. He was sentenced to a term of imprisonment of eight years, and then in 1972 he was released on parole. His parole supervision was transferred to Wisconsin in July of that year pursuant to sec. 57.13, Stats., the Uniform Act for Out-of-State Parolee Supervision. After living and working in Wisconsin for approximately two years, he was charged in Wood county with the crime of second-degree murder. He was arraigned on that charge on September 9, 1974, and two days later his parole agent recommended revocation of his Kentucky parole. On September 23, 1974, the Kentucky Parole Board issued a warrant and requested that Reddin be held for the state of Kentucky pending disposition of the Wisconsin second-degree murder charge. He pleaded guilty to manslaughter in Wisconsin on December 17, 1974, and was sentenced to a term of nine years in the Wisconsin State Prison. On January 30, 1975, the Kentucky parole authorities filed a parole revocation warrant at the Wisconsin State Prison. The Wisconsin correction authorities released Reddin from prison on mandatory parole on November 27, 1979. He was immediately arrested on a Kentucky warrant for his extradition to Kentucky for violation of parole.

Reddin petitioned for habeas corpus in the circuit court for Dodge county, claiming that he was not a fugitive from justice, because he had served his Kentucky sentence in full. He pointed out that he originally had been sentenced to a term of eight years in the Kentucky State Penitentiary on March 20, 1969, and that he was discharged from custody by parole on July 7, 1972.

Reddin's basic argument is that he cannot be a fugitive from justice, because his parole was not revoked within eight years following imposition of his Kentucky sen-

tence. Reddin introduced no evidence at the circuit court hearing on the writ of habeas corpus and relied principally upon the argument that he could not be a fugitive from justice when he had served in full his Kentucky sentence.

After hearing, the circuit court ordered the defendant to be delivered up to the executive authority of the state of Kentucky and, in effect, dismissed the petition for a writ of habeas corpus. The court of appeals affirmed the denial of the writ.

The court of appeals recognized that it was the duty of the asylum state to make inquiry into the question of whether the petitioner is a fugitive from justice, but it then went on to reason that the determination that Reddin was a fugitive from justice was dependent upon whether, under Kentucky law, Reddin's sentence imposed in 1969 had expired. It held that whether the continued service of the sentence on parole was tolled upon Reddin's conviction in Wisconsin in 1974 was dependent upon the provisions of the Kentucky statute analogous to sec. 57.072 (1), Stats.[1]

In effect, then, although the court held that there was the duty of a Wisconsin court to determine whether the person sought to be extradited is a fugitive from justice, in circumstances where the extradition papers,

---

[1] "57.072 **Period of probation or parole tolled.** (1) The period of probation or parole ceases running upon the date the offender absconds, commits a crime or otherwise violates the terms of his or her probation or parole which is sufficient, as determined by the department, to warrant revocation of probation or parole. If the probationer or parolee is reinstated rather than revoked, the period between the alleged violation and the reinstatement shall be treated as service of the probationary or parole period, unless the reinstatement order concludes that the probationer or parolee did in fact violate the terms of his or her probation or parole, in which case the reinstatement order shall credit days spent in a jail, correctional institution or other detention facility as service of the probationary or parole period."

facially in proper form, stated that the person sought was a fugitive and the fugitive status was dependent upon the law of the demanding state, the Wisconsin court would not make inquiry into whether the demanding state properly interpreted its own law.

The court of appeals examined the extradition demand of the governor of Kentucky and found therein the conclusion that, under the law of the demanding state, Reddin was a fugitive from Kentucky justice. As a part of the extradition papers submitted by the state of Kentucky, the chairman of the Kentucky Parole Board attached to the governor's demand the statement that the period of Reddin's parole had not expired, that the conditions thereof were still in force, and that Reddin had violated the terms and conditions of the parole.

The court of appeals in its opinion concluded that it was apparent on the face of the Kentucky documents that the position of that state's demanding authorities was that the service of the sentence was tolled upon a plea of guilty for manslaughter in Wisconsin. Accordingly, the court of appeals declined to explore further the fugitive status of Reddin. We conclude that the court of appeals acted appropriately and correctly dismissed the petition for a writ of habeas corpus.

The case of *Michigan v. Doran*, 439 U.S. 282 (1978), emphasized the limited nature of habeas corpus review where there has been a request for extradition by a governor of a demanding state and the acceptance of that demand by the governor of the asylum state. The court stated at 289:

"A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. [Citation omitted.] Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are

in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive."

The demand of the governor of Kentucky and the warrant of the governor of Wisconsin directing the delivery of Phillip Reddin to the parole authorities of Kentucky are concededly in proper form.

*Michigan v. Doran, supra* at 290, specifically stated:

"We hold that once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state."

The facts of the instant case, of course, do not precisely fit the facts of *Michigan v. Doran.* In *Doran,* the question was whether Michigan should deliver a person who allegedly committed a crime in Arizona. The question there was whether there was probable cause for Doran to be charged in Arizona. In the instant case, it is undisputed that, at the time Reddin pleaded guilty and was found guilty of manslaughter in Wisconsin, he was on parole by the state of Kentucky. The probable cause for revocation of the Kentucky parole was unequivocally determined by the finding of guilt in Wisconsin. However, Reddin's Kentucky parole was not revoked by the Kentucky authorities at the time of his Wisconsin plea of guilty. All that Kentucky did at that time was to file a parole-revocation warrant as a detainer, with the proviso that a revocation hearing would take place following Reddin's return to Kentucky.

It seems clear that, in the absence of the Wisconsin charges and the Wisconsin conviction, Reddin would have fulfilled his parole conditions and satisfied his Kentucky sentence by November 27, 1979, the time of his Wisconsin

mandatory release. The question basically, then, is whether his Kentucky period of parole, which was to be in satisfaction of his sentence, ceased upon Reddin's commission of the crime in Wisconsin in 1974.

Parole and probation are essentially matters of grace, which are permitted by the sanction-imposing state, and the conditions under which these grace periods of parole and probation continue to run in satisfaction of criminal penalties are dependent upon the state which imposes them. This is clearly a matter of the state law of the requisitioning jurisdiction. As this court and other courts have said, extradition is based upon concepts of comity and full faith and credit. We said in *State v. Ritter,* 74 Wis.2d 227, 235–36, 246 N.W.2d 552 (1976):

"[T]he final responsibility for the legality of procedures in the demanding state lies with the courts of the demanding state. [Citation omitted.] The justifications generally given for allowing the demanding state to resolve questions of irregularities of procedure are that it is presumed that an extradited person will be fairly treated in the demanding state; that there is a need for an efficient, speedy resolution of extradition; that comity requires that the extradited person test the laws of the demanding state in that state; and that it is burdensome and productive of error for the asylum state to examine critically the laws of a sister state with whose jurisprudence and procedure it has only a general acquaintance."

*Ritter,* citing *State ex rel. Niederer v. Cady,* 72 Wis.2d 311, 240 N.W.2d 626 (1976), recognized that there are certain circumstances in which the asylum state has a duty to assure that justice is done to persons within the State of Wisconsin whose presence is sought by extradition by other states. This court in *Ritter* concluded, however, that the accommodation between

the principles of federalism which require comity and deference to the demands of a requisitioning state and the requirement of justice for persons within the asylum state should be handled on a case-by-case basis. The test proposed in *Ritter* and which we follow here sets forth the following criterion:

"Can the defects in the procedures of the demanding state be more easily raised and adequately handled in the demanding state after the accused is returned or is the decision one which the asylum state can make with comparative ease and with expertise equal to that of the demanding state, thus saving the accused the expense, inconvenience and jeopardy involved in litigating the issue in the demanding state?" (pp. 237–38)

Applying that test to the instant case, it is clear that whether the commission of a crime by a Kentucky parolee tolls the running of parole is a question of Kentucky law. It is not a question which Wisconsin courts could handle "with expertise equal to that of the demanding state."

Moreover, *Michigan v. Doran, supra* at 290, points out that the proceedings of a demanding state are clothed with a "presumption of regularity." Applying that presumption, this court accepts the proposition that, under Kentucky law, the running of Reddin's parole was tolled upon the commission of a crime by its parolee in Wisconsin. That issue, of course, can be finally litigated in the courts of Kentucky.

It should also be pointed out that a preliminary determination of probable cause for revocation need not be made in Wisconsin, for that element had been proved without doubt upon Reddin's plea of guilty and the Wisconsin court's determination of guilt.

We also conclude that the initial hold warrant which was filed in Wisconsin by Kentucky authorities shortly

after Reddin's conviction did not operate in a manner to deny Reddin due process of law. His confinement in Wisconsin was dependent not at all upon the Kentucky detainer warrant, but was completely dependent upon his nine-year sentence for the commission of the Wisconsin crime. He was placed in custody by virtue of the Kentucky extradition proceedings only upon his mandatory release by the Wisconsin authorities.

The lawfulness of Reddin's revocation proceedings must be tested in Kentucky. It is the law of that state which will determine whether he is still subject to the parole control of the Kentucky authorities and whether, if he is, his parole should be revoked. *See, State v. Ritter, supra.*

We conclude that the trial court and the court of appeals correctly dismissed Reddin's petition for a writ of habeas corpus and ordered his delivery to the Kentucky correction authorities.

*By the Court.*—Decision affirmed.