Jack Allen BILLS, Defendant
and Appellant,

v.

Kenneth SHULSEN, Warden, Utah
State Prison, et al., Plaintiff and
Respondent.

No. 20008.

Supreme Court of Utah.

March 22, 1985.

John W. Ebert, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

The petitioner, who came to this state on an out-of-state parole granted by Arizona authorities, sought a writ of habeas corpus in the trial court challenging the validity of a detainer filed against him on the ground that the revocation of his Arizona parole by Arizona authorities was invalid. The district court denied the petition. We affirm.

In 1968, the petitioner was sentenced in Arizona to serve ten years to life for a second-degree murder conviction. In 1971, Arizona placed petitioner on parole which was to be served in Utah pursuant to the "Interstate Compact for the Supervision of Parolees and Probationers." *See* Ariz.Rev. Stat.Ann. § 31–461 et seq. (1976). Since 1971, Arizona has twice revoked petitioner's parole: in July 1975, because of a Utah robbery conviction; and again in December 1982, because of a Utah third-degree theft conviction. Petitioner waived his right to appear personally at the second parole revocation hearing by signing a form to that effect.

On December 13, 1983, petitioner was granted a Utah parole for his third-degree theft conviction, but since Arizona had previously filed a detainer, he was retained in the Utah state prison pursuant to the Arizona sentence that commenced the same day that his Utah sentence ended. His continued confinement in the Utah state prison was pursuant to the Western Interstate Corrections Compact, U.C.A., 1953, § 77–28–1 et seq.

Petitioner filed a petition for a writ of habeas corpus, alleging (1) that under the law, his Arizona parole terminated when three years had expired (August 1977 to September 1980) without his committing a parole violation, *see* U.C.A., 1953, § 77–27–17(1)(a); and (2) that his right to due process was violated by his not being in attendance at his parole revocation hearing. The district court ruled that Utah was not the proper forum to resolve these issues, and denied the petition.

Arizona's Interstate Compact for Supervision of Parolees and Probationers, Ariz. Rev.Stat.Ann. § 31–461 et seq. (1976), is a uniform law that has been adopted by virtually all fifty states, including Utah. *Compare* U.C.A., 1953, § 77–27–24 et

seq., entitled "Uniform Act for Out-of-State Supervision." The act establishes standards and procedures by which a "sending state" may permit a parolee or probationer to reside in any other state, called the "receiving state." Both the Arizona and Utah acts provide that a sending state retains the right to retake a person on probation or parole without permission of the receiving state. U.C.A., § 77–27–24 states:

> The contracting states solemnly agree:
>
> . . .
>
> (c) That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole from such sending state. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are expressly waived on the part of states party hereto as to such persons. The decision of the sending state to retake a person on probation (or parole) shall be conclusive upon and not reviewable within the receiving state. . . .

*Compare* Ariz.Rev.Stat.Ann. § 31–461(3) (1976)[1].

In interpreting this act, other jurisdictions have ruled that the validity of parole revocation proceedings must be determined by the sending state. *People ex rel. Crawford v. State*, 38 A.D.2d 725, 329 N.Y.S.2d 739 (1972); *State ex rel. Nagy v. Alvis*, 152 Ohio St. 515, 90 N.E.2d 582 (1950); *Ogden v. Klundt*, 15 Wash.App. 475, 550 P.2d 36 (1976); *State ex rel. Reddin v. Meekma*, 102 Wis.2d 358, 306 N.W.2d 664 (1981). For example, in *State ex rel. Reddin v. Meekma*, a petitioner was sentenced in 1969 in Kentucky to eight years imprisonment for robbery and later was paroled to Wisconsin. He served time in Wisconsin for manslaughter and was released in 1979. When Kentucky sought to extradite him for parole violations, petitioner argued that his Kentucky sentence had expired in 1977. The Wisconsin court ruled that the lawfulness of petitioner's parole revocation proceedings must be tested in Kentucky, stating: "Parole and probation are essentially matters of grace, which are permitted by the sanction-imposing state, and the conditions under which these grace periods of parole and probation continue to run in satisfaction of criminal penalties are dependent on the state which imposes them." 306 N.W.2d at 666. We agree with the law established by these authorities and hold that the district court properly denied the petition for a writ of habeas corpus.

The petitioner argues that *Gibson v. Morris*, Utah, 646 P.2d 733 (1982), requires a different result. In *Gibson* we stated: "[A] prisoner incarcerated in Utah can use our habeas corpus remedy to challenge the effect in Utah of a detainer filed by another state or a proposed transfer of custody pursuant thereto." *Id.* at 734 n. 1. The detainer in *Gibson*, however, was not issued for a parole violation adjudicated by a state which had previously sent the petitioner to Utah for parole supervision. Rather, California sought to extradite a prisoner from Utah for crimes committed in California. Hence, the quoted statement from *Gibson* is not controlling in the instant case. Furthermore, since the prisoner in *Gibson* had been transferred to Utah from Oregon pursuant to the Western Interstate Corrections Compact, we held that only Oregon could authorize a transfer to California. Thus, *Gibson* follows the same agency principles as we follow in the case before us.

Affirmed.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

**1.** Both statutes make an exception: [I]f at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense.
Utah Code Ann., 1953, § 77–27–24(c). *Compare* Ariz.Rev.Stat.Ann., § 31–461(3) (1976).