**STATE of Minnesota, ex rel., Clarence KIRKENDOLL, Appellant,**

v.

**Charles ZACHARIAS, Ramsey County Sheriff, Respondent.**

No. C3-87-1277.

Court of Appeals of Minnesota.

Aug. 4, 1987.
Review Denied Sept. 29, 1987.

Deborah Ellis, Thomson, Hawkins & Ellis, Ltd., St. Paul, for appellant.

Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., HUSPENI and LOMMEN, JJ.[*]

## OPINION

A. PAUL LOMMEN, Judge.

Appellant Clarence Kirkendoll appeals a trial court order denying his petition for a writ of habeas corpus. We affirm.

## FACTS

Appellant Clarence Kirkendoll was arrested in Ramsey County on February 24, 1987. He was charged by complaint on February 27 with being a fugitive from justice in the State of Missouri. The complaint alleges Kirkendoll was convicted in Missouri of assault, sentenced on February 4, 1985, to two years in prison, and paroled on January 6, 1986. It alleges he violated his parole by absconding from supervision and that on March 4, 1986 the Missouri Board of Probation and Parole issued a warrant for his arrest for the parole violation.

[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

The Governor of Missouri has made a written request for extradition, dated March 24, 1987, alleging that "Clarence Kirkendall" has fled to Minnesota "after having violated the terms of his parole." Attached to the extradition request are a request for that action from the Missouri Board of Probation and Parole, and Order of Release on Parole dated January 6, 1986, and a parole violation warrant, dated February 26, 1987. All these documents spell the parolee's last name "Kirkendall."

On March 30, 1987, the Governor of Minnesota signed a Rendition Warrant for the return of Kirkendoll to Missouri.

Kirkendoll filed a petition for writ of habeas corpus on April 30, 1987, claiming the extradition warrant is illegal because: 1) the supporting documentation is not in proper form; 2) there is no criminal charge pending in Missouri to support extradition; 3) he has not been shown to have been present in Missouri at the time of the alleged offense; and 4) "[e]xtradition for technical violations of parole violate principles of due process and fundamental fairness."

At the habeas corpus hearing, Kirkendoll claimed the extradition request was not in proper form because the spelling of the last name differs from the correct spelling of "Kirkendoll," as shown by his birth certificate and social security card, each introduced in evidence. The State introduced a certified copy of Kirkendoll's fingerprints from Missouri. A St. Paul police officer testified that the fingerprints shown on that copy, and on the booking slip at the St. Paul police department, were of the same man.

Kirkendoll also challenged the extradition on the grounds there was no criminal charge pending in Missouri adequate to support extradition. He claimed a technical violation of conditions of parole is insufficient.

The trial court found Kirkendoll was the same person as the person sought by the state of Missouri and the difference in spelling did not invalidate the warrant. The court also found that violation of parole was sufficient grounds for extradition.

## ISSUE

Did the trial court err in denying appellant's petition for habeas corpus?

## ANALYSIS

Extradition demands have been held proper despite errors in the supporting documents. *See State ex rel. Doherty v. Duggan*, 300 Minn. 528, 529, 218 N.W.2d 759, 760 (1974) (not material that rendition warrant misstated the date of the crime); *State v. Coddington*, 275 Minn. 237, 238–239, 145 N.W.2d 866, 866 (1966) (misstating the year of car stolen was sufficient to invalidate the extradition proceeding). We agree with appellant that an error in the name of the person sought is more serious, but only insofar as it poses a risk of misidentification.

■■■ The extraditing authority bears the burden of proving the arrestee is the person sought by the requesting state if the arrestee supports his claim that he is not. *See State ex rel. Swyston v. Hedman*, 288 Minn. 530, 532, 179 N.W.2d 282, 284 (1970) (name discrepancy in questing documents). Ramsey County satisfied that burden by presenting the fingerprint comparison. *See People ex rel. O'Dell v. Quinlan*, 81 Misc.2d 271, 366 N.Y.S.2d 531 (1975) (fingerprint evidence is clear and convincing proof of identity in an extradition proceeding). We also note the social security number in the requesting documents is the same as that on the card submitted into evidence. The trial court did not err in finding Kirkendoll is the person sought by the State of Missouri.

■■■ Kirkendoll also contends he cannot be extradited for violations of parole. The statute, however, provides a demand for extradition may be supported by

a copy of a judgment of conviction or of a sentence imposed in execution of it, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement *or has broken the terms of bail, probation, or parole.*

Minn.Stat. § 629.03 (1986) (emphasis added); *see also* Minn.Stat. § 629.13 (1986) (authorizing arrest as a fugitive from justice of a person who has broken the terms of parole in another state).

Kirkendoll contends that parole must be revoked in the demanding state before extradition can be had. *See State ex rel. Stephenson v. Ryan,* 235 Minn. 161, 50 N.W.2d 259 (1951). While the petitioner's parole had been revoked in *Stephenson,* revocation of parole has since been held subject to due process requirements, including the opportunity of the parolee to be heard at a due process hearing following written notice. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). A state cannot be required before demanding extradition to complete a legal process itself requiring the presence of the person sought.

Finally, Kirkendoll contends the extradition request is invalid because it does not affirmatively show that his sentence has not expired. The Missouri documents state the sentence would expire on November 6, 1986. Extradition was not requested until March 24, 1987. Missouri authorities, however, also allege Kirkendoll absconded from supervision on or about March 4, 1986, a violation of parole which may have tolled the expiration of his sentence.

The Wisconsin Supreme Court addressed this issue in *State ex rel. Reddin v. Meekma,* 102 Wis.2d 358, 306 N.W.2d 664 (1981), *cert. denied,* 454 U.S. 902, 102 S.Ct. 407, 70 L.Ed.2d 220 (1981). In that case, Kentucky sought extradition of a parolee who had allegedly violated his parole by committing an offense in Wisconsin. The Kentucky sentence, however, would have expired by the passage of time, absent a tolling of the sentence. The *Reddin* court held it would leave the inquiry whether tolling had occurred to the courts of Kentucky, and affirmed the denial of habeas corpus.

The *Reddin* court noted the need to balance

the principles of federalism which require comity and deference to the demands of a requisitioning state and the requirement of justice for persons within the asylum state * * *.

306 N.W.2d at 667. The court concluded the question of whether the sentence was tolled was one of Kentucky law, which courts in that state could more easily determine after the accused was returned to that state. We find this reasoning persuasive. Kirkendoll can claim the expiration of his sentence as a defense to a parole revocation. We believe the failure to affirmatively show the tolling of the sentence does not invalidate the extradition warrant.

We note that the rendition warrant itself, signed by the Governor of Minnesota, was not before the trial court. Although the rendition warrant may be challenged as well as the requesting documents, *Gegenfurtner v. Granquist,* 271 Minn. 207, 135 N.W.2d 447 (1965), Kirkendoll does not question that the rendition warrant is in proper form. Having examined it and found it to be in proper form, we need not remand for the trial court to make that determination. *See Ploog v. Ogilvie,* 309 N.W.2d 49, 53 (Minn. 1981) (where evidence is documentary, appellate court need not defer to trial court's assessment of it).

### DECISION

The trial court did not err in denying appellant's petition for a writ of habeas corpus.

Affirmed.