■ In the Matter of MICHAEL BOOKER, Also Known as FRANK KOROWITZ, Appellant, v HENRY GARVIN, as Superintendent of Mid-Orange Correctional Facility, et al., Respondents. [720 NYS2d 636] —Peters, J. Appeal from a judgment of the Supreme

Court (Sheridan, J.), entered January 21, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to nullify a parole warrant lodged against him.

In 1982, petitioner was released on parole from a sentence of incarceration imposed in Ohio and, pursuant to the interstate compact on parole supervision (see, Executive Law § 259-m), parole supervision was transferred to New York. In 1983, when petitioner was convicted of a subsequent crime and incarcerated in New York, the Ohio Department of Rehabilitation and Correction lodged a warrant against him for violating the terms of his parole. Following petitioner's release in New York, Ohio officials apparently took no action on the warrant. As the result of a subsequent conviction, petitioner is currently incarcerated in New York and he alleges that in 1995 an Ohio parole violation warrant was again lodged against him. Petitioner commenced this CPLR article 78 proceeding to compel the superintendent of the correctional facility where he is incarcerated and respondent Commissioner of Correctional Services to nullify the warrant. Supreme Court granted respondents' motion to dismiss the petition for failure to state a cause of action and this appeal by petitioner ensued.

Pursuant to Executive Law § 259-m (1) (3), "[t]he decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state," subject only to the condition that where, as here, the parolee is imprisoned in the receiving State, the parolee shall not be retaken without the consent of the receiving State until discharged from such imprisonment. "[N]o formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken" (Executive Law § 259-m [1] [3]). In the absence of any claim that the Ohio officer who issued the warrant was not a duly accredited officer authorized to issue such warrants or that there is a deficiency in the identification of the person to be retaken, petitioner has no cause of action in New York (see, People ex rel. Rankin v Ruthazer, 304 NY 302; People ex rel. Crawford v State of New York, Dept. of Correctional Servs., 38 AD2d 725). Petitioner claims that, as a result of the failure to act on the warrant lodged against him in 1983, Ohio lost jurisdiction over him, but "any assumption of power in the 'receiving state' to decide such an issue would go far toward defeating the beneficent purpose of [the interstate compact]" (People ex rel. Rankin v Ruthazer, supra, at 308).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.